IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RODNEY MENEELY, | |
| Plaintiff, | |
| vs. | Civil Action No. 2:23-cv-96 |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | |
| Defendant. | |

### COMPLAINT

AND NOW, comes the Plaintiff, RODNEY MENEELY, by and through his attorney, Brian Patrick Bronson, Esquire, and the Quatrini Law Group, P.C., and files this Complaint in Civil Action in the Federal District Court for the Western District of Pennsylvania, stating as follows:

### INTRODUCTION

### NATURE OF THIS ACTION

1. This action is filed pursuant to the Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. (hereinafter referred to as "ERISA") and the Declaratory Judgment Act, 28 U.S.C. §§2201, 2202. Mr. Meneely (hereinafter "Plaintiff") is a participant in an employee welfare benefit plan (hereinafter referred to as "The Plan") which is administered pursuant to an insurance policy issued by Life Insurance Company of North America. The Plan is governed by ERISA. Plaintiff is a beneficiary under the Plan. This Complaint challenges the Plan's unlawful practice of failing to provide Plaintiff with the

timely payment of Long Term Disability benefits under the Plan. Specifically, Plaintiff is filing this action to enforce his rights under the Plan and for attorney fees, interest and costs as provided by ERISA.

## JURISDICTION AND VENUE

2. This Court has Original Jurisdiction to hear this Complaint and to adjudicate the claims herein pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132.

3. Venue is proper in this Court, as the Plan was administered in the Western District of Pennsylvania.

## PARTIES

4. The Plaintiff, Rodney Meneely, resides at 357 Main Street, Follansbee, West Virginia 26037, Brooke County.

5. The Defendant, Life Insurance Company of North America, is the Claims Administrator of Long Term Disability claims and is located at 1601 Chestnut Street, Philadelphia, PA 19192.

6. Defendant administered employee benefits, mainly Long Term Disability benefits, under the Plan in accordance with the insurance policy issued to the Plan by the Claims Administrator.

## STATEMENT OF FACTS

7. The Plaintiff in this case, Rodney Meneely, last worked as a Paper Bag Labor Position/Labor Pool for his employer Mondi Akrosil, LLC on or about April 6, 2021, wherein he stopped work due to diagnoses, symptoms, and functional limitations of Low Back Pain, Right Side and Arthritis of the Left Knee.

8. The Plaintiff filed a claim for Short Term Disability benefits with the parent organization of the Defendant, the New York Life Group Benefit Solutions and was paid through the maximum benefit date of October 11, 2021.

9. On or about January 26, 2022, through fax sent by his attorney Brian Patrick Bronson, Esquire, and Quatrini Law Group, the Plaintiff completed a claim for Long Term Disability benefits to the Defendant.

10. By letter dated February 4, 2022, the Defendant responded that they had received the Plaintiff's completed claim for Long Term Disability benefits, apologized for the delay in making a decision of the claim, and noted that they hoped to have a decision on the claim within ten (10) days.

11. By letter dated July 6, 2022, Plaintiff's counsel wrote to the Defendant setting forth the Defendant's purported position that they had voided out Mr. Meneely's Long Term Disability claim and instead began processing a second Short Term Disability claim with date of leave of August 27, 2021, and an incident number of 12894581-01. Plaintiff's counsel alerted the Defendant this was in error, and that Mr. Meneely's Long Term Disability claim should have been processed and decided since he was out of work since April 6, 2021, and had exceeded his Short Term Disability benefits as of October 2021 under separate incident number 12456134. Plaintiff sent separate copy of the July 7th letter dated August 2, 2022 noted "fourth request" and did not receive a response.

12. Plaintiff has not received a decision on his Long Term Disability claim up through and including the date of the filling of this Complaint.

## CAUSE OF ACTION

### Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq.

13. Paragraphs 1 through 12 are incorporated herein as if set forth at length.

14. Plaintiff has effectively exhausted all administrative remedies and mandatory appeals as required by the Plan and ERISA 29 U.S.C. §1001 et seq. Waiting for a further response from the Defendant in this case would be futile.

15. At all times relevant to this action, the Plaintiff has been unable to perform the material duties of his own occupation as a Paper Bag Labor Position/Labor Pool and any gainful occupation due to diagnoses, symptoms, and functional limitations of Low Back Pain, Right Side and Arthritis of the Left Knee.

16. The Plaintiff has filed a timely Long Term Disability claim with the Defendant, and has provided all required information to process his Long Term Disability claim.

17. The Defendant has not issued a timely decision under ERISA regulations in this case. In fact, by responding on February 4, 2022, expecting a decision by February 14, 2022, they are now over eight (8) months overdue for a decision. Waiting for a further decision after communications from the Plaintiff's office requesting the processing of a Long Term Disability claim would be futile and Plaintiff submits that exhaustion of administrative remedies should be waived in this case under the futility doctrine.

18. The Defendant has violated ERISA regulations in failing to issue a proper and timely decision in this case. Plaintiff has proven by preponderance of the evidence that he is disabled from his Own Occupation and meets the definition of disability under the Plan language and thus the Defendant has violated the Plaintiff's rights accordingly.

19. The Defendant's actions in denying Plaintiff benefits under the Plan constitutes a violation of 29 U.S.C. § 1132(3)(B)(ii) .

20. The Defendant ignored pertinent medical evidence and failed to evaluate all of the evidence of record including the medical of Plaintiff's treating physicians.

21. The Defendant did not conduct a full and fair review of the claim as required by ERISA.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully prays that the Court issue an Order:

(1) Awarding, declaring or otherwise providing Plaintiff all relief to which Plaintiff is entitled under ERISA Section 502 Paragraph (a) 29 U.S.C. Section 1132(a);

(2) Awarding pre and post judgment interests;

(3) Awarding Plaintiff the costs of this action and reasonable attorneys fees;

(4) Awarding such other relief as may be just and reasonable.

<u>/s/ Brian Patrick Bronson, Esquire</u>
Brian Patrick Bronson, Esquire (Pa #89035)
Quatrini Law Group, P.C.
550 East Pittsburgh Street
Greensburg, PA  15601
Phone:  (724) 837-0080
Fax:  (724) 837-1348
E-mail:  bpb@qrlegal.com

Dated:   January 19, 2023